UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 21-cv-22151-BLOOM/OTAZO-REYES

RICARDO RAMOS,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

**DEFENDANT UNIVERSITY OF MIAMI'S
MOTION TO DISMISS ACTION WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, University of Miami ("UM"), through counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and Local Rule 7.1, moves to dismiss this action with prejudice.

**I. Introduction**

Plaintiff, Ricardo Ramos ("Ramos"), once again attempts to state claims against UM under the Family and Medical Leave Act ("FMLA"), the American with Disabilities Act ("ADA"), and the Florida Civil Rights Act ("FCRA"). According to Ramos, he can seek relief under these statutes because, although he requested, UM granted, and he fully exhausted his medical leave, and although he was even allowed to work without administrative duties, since he also requested to be a part-time employee with part-time benefits, and UM only offered a per-diem position without benefits (which he declined), UM is somehow liable for discrimination and retaliation. (D.E. 20 ("Am. Compl.") ¶¶ 17-23.) However, as a matter of law, none of what Ramos advances can support a cognizable cause of action under the FMLA, the ADA, or the FCRA. Thus, the

action must be dismissed with prejudice, because despite multiple attempts, Ramos has demonstrated that he cannot state any viable claim against UM.

## II. <u>Argument</u>

### A. <u>Ramos Cannot State Any Element Of An FMLA Claim (Count I)</u>.

Ramos's first claim is for retaliation under the FMLA. "In order to state a claim of retaliation, an employee must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001); *accord Barreto v. WGCC, Inc.*, 2007 WL 9702904, at *3 (S.D. Fla. Jan. 8, 2007) (Gold, J.) (same). Ramos cannot satisfy the burden of pleading any of these elements, much less with the factual substance that the law requires. *See Mtelehealth, LLC v. United Parcel Serv., Inc.*, 447 F. Supp. 3d 1306, 1308-09 (S.D. Fla. 2019) (Bloom, J.) (explaining the *Twombly*/*Iqbal* requirements).

First, Ramos does not and cannot allege that he engaged in any "protected activity" for purposes of the FMLA's anti-retaliation provision. That is, "[t]he FMLA anti-retaliation provision makes it unlawful for an employer to 'discharge or in any other manner discriminate against any individual ***for opposing any practice made unlawful by this subchapter***.'" *Barreto*, 2007 WL 9702904, at *3 (emphasis added) (quoting 29 U.S.C. § 2615(a)(2)).

Here, as noted, Ramos acknowledges that UM approved his request for medical leave, and Ramos exhausted that leave. (Am. Compl. ¶¶ 17, 19, 30-31.) Nonetheless, Ramos is under the erroneous impression that the mere "fact that Plaintiff took leave was a 'protected activity' under the FMLA." (*Id*. ¶ 32.) That is simply not the case with respect to an FMLA retaliation claim. To reiterate, for purposes of "protected activity" under the FMLA's anti-retaliation provision, a

plaintiff must identify a practice, made unlawful by the FMLA, that the plaintiff opposed.  *Id*. ("[T]o state an FMLA retaliation claim, a plaintiff must allege facts showing that she opposed a practice that is unlawful *under the Act*.") (emphasis in original).  Ramos does not and cannot allege anything of that sort, which as a matter of law is fatal to his FMLA claim.

Similarly, having failed to identify any "protected activity" for purposes of an FMLA retaliation claim, Ramos cannot satisfy the claim's causal requirement—*i.e.*, that an employer's "adverse employment decision" was "causally related to the protected activity."  *Id*.  That is, without a cognizable "protected activity" to begin with, there can be no causal link to any subsequent "adverse employment decision" for purposes of an FMLA retaliation claim.

Likewise, Ramos does not allege a cognizable "adverse employment decision" by UM. Rather, Ramos admits that he "declined" to work on a per diem basis—*i.e.*, he quit—because his request was for a part-time position.  (Am. Compl. ¶¶ 22-23.)  In other words, Ramos concedes that he was <u>not</u> fired, but voluntarily resigned.  As a matter of law, this precludes any purported "adverse employment decision" on UM's part.  *See Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 447 (6th Cir. 1999) ("When an employee voluntarily resigns, he cannot claim that he suffered an adverse employment decision under the ADA or the FMLA.").

Moreover, while Ramos conclusorily asserts that UM "constructively terminate[d]" him (Am. Compl. ¶¶ 33-34), as it offered him a per-diem rather than part-time position (*Id*. ¶¶ 22-23), his allegations of "constructive termination" fail to substantiate, under *Twombly* and *Iqbal*, the plausibility of a claim premised on a constructive discharge.  Again, Ramos concedes that UM offered and he declined a per-diem position (*i.e.*, to work part-time on as "as needed" basis), without administrative duties, because what he really wanted was a part-time position with benefits (*id*.).  Given this, the claim lacks any substance to support as plausible the proposition that, via an

offer of a per-diem position, <u>UM imposed working conditions so intolerable that a reasonable person in Ramos's position would have been compelled to resign</u>. *See Foshee v. Ascension Health-IS, Inc.*, 384 Fed. Appx. 890, 892 (11th Cir. 2010) ("An employee has been constructively discharged when her employer 'imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign.'") (quoting *Fitz v. Pugmire Lincoln–Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003)).

In sum, none of what Ramos states can support the requirements of an FMLA retaliation claim. The claim is fatally flawed as a matter of law, and subject to dismissal with prejudice.

**B.   Ramos Cannot State Any Element Of An ADA Claim (Counts II, V).**

To state an ADA claim for disability discrimination, as Ramos attempts in Count II, a plaintiff must first allege facts supporting a "disability" under the terms of the statute. *See Cramer v. State of Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997) ("In order to state a claim under the ADA, a plaintiff must allege (1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability."); *accord Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016) (same).

The ADA defines "disability" as "a physical or mental impairment that *substantially limits one or more major life activities* of such individual . . . ." 42 U.S.C. § 12102(1)(A) (emphasis added). "[M]ajor life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Here, Ramos does not allege any facts supporting the proposition that, during his employment with UM, he was <u>substantially limited</u> in any <u>major life activities</u> due to his purported disability, "general anxiety and depression" (Am. Compl. ¶ 10). Ramos merely identifies his

medical conditions (*id*.), adding symptoms of those conditions (*id*. ¶ 14-16), and none of it constitutes a "disability" as must be factually substantiated to state an ADA discrimination claim—*i.e.*, <u>factual matter explaining *how* the alleged ailments *substantially limit* a *major life activity*</u>. *See Garcia v. Goodwill Indus. of S. Florida, Inc.*, 2019 WL 6052814, at *2 (S.D. Fla. Nov. 15, 2019) (Moreno, J.) ("In the Eleventh Circuit, courts have found that 'merely noting the existence of a physical ailment, such as heart disease, without more, does not constitute a disability within the meaning of the applicable statute.' Rather, a complaint must allege factual matter explaining *how* the alleged ailment substantially limits a major life activity.") (emphasis in original; citations omitted); *Powell v. Space Coast Credit Union*, 2015 WL 9664963, at *4 (M.D. Fla. Dec. 23, 2015) (finding allegations of medical conditions insufficient to establish a disability, noting that "[a] diagnosis and an impairment are two different things and Plaintiff has not alleged how these conditions impacted his ability to perform his major life activities."), *report and recommendation adopted*, 2016 WL 81374 (M.D. Fla. Jan. 7, 2016); *Buford-Clark v. Birmingham Bd. of Educ.*, 2015 WL 225464, at *3 (N.D. Ala. Jan. 16, 2015) ("[B]y simply listing his impairments, he neither identifies an affected major life activity nor alleges how his conditions affect his ability to perform such activities. Buford–Clark has thus failed to plausibly allege that he is disabled under § 12102(1)(A)."); *see also Kay v. Lester Coggins Trucking, Inc.*, 141 Fed. Appx. 824, 827 (11th Cir. 2005) (noting that an impairment that is "neither severe, permanent nor long-term", but "temporary", is not a "disability" for purposes of the ADA).

     Thus, having failed to factually support the existence of a "disability" under the statutory framework while employed at UM, Ramos's disability discrimination claim under the ADA (Count II) fails in its entirety and must be dismissed as a matter of law.

The third prong of Ramos's ADA disability discrimination claim (Count II) also fails because he has not identified any way in which UM discriminated against him on account of his disability. What Ramos advances is that, since (a) what he requested as an accommodation was a part-time position without administrative duties but with part-time benefits, and (b) what UM offered was a per-diem position without administrative duties or benefits, then (c) UM must have discriminated against him on account of his disability. (Am. Compl. ¶¶ 21-22.) However, Ramos does not aver any factual support for the logical leap that, since UM offered him a per-diem position without benefits, and not the part-time position with benefits he requested, then UM must have discriminated against him on account of his disability. Therefore, Ramos's conclusory allegations of discrimination (*id*. ¶¶ 34-34) fail as factually unsubstantiated.

Moreover, as a matter of law, Eleventh Circuit jurisprudence forecloses Ramos's reasoning—*i.e.*, that UM must have discriminated against him on account of his disability because it did not offer him the accommodation he requested. First, under the ADA, a disabled employee is not entitled to any accommodation the employee desires, just a reasonable accommodation. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) ("Stated plainly, under the ADA a qualified individual with a disability is not entitled to the accommodation of her choice, but only to a reasonable accommodation.") (quotations omitted).

Second, the Eleventh Circuit has already instructed that "[*p*]*er diem* positions are a reasonable accommodation ***even if they did not include benefits***." *Jean-Pierre v. Naples Cmty. Hosp., Inc.*, 817 Fed. Appx. 822, 827 n.3 (11th Cir. 2020) (emphasis added) (citing *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1324 n.6 (11th Cir. 2007)). Thus, the premise of Ramos's disability discrimination claim is not only factually unsubstantiated, but contrary to Eleventh Circuit jurisprudence and subject to dismissal on multiple grounds.

Furthermore, since as noted above, Ramos has failed to substantiate the existence of a "disability" under the ADA, his disability retaliation claim (Count V) must also be dismissed. *See Powell*, 2015 WL 9664963, at *5 (finding the plaintiff failed to state a claim for disability retaliation, including because he did not satisfy the "disability" pleading requirements as part of his disability discrimination claim).

Moreover, the disability retaliation claim (Count V) suffers from additional fatal flaws. That is, Ramos has not and cannot state facts supporting as plausible the proposition that he engaged in a statutorily protected activity under the ADA, which is the premise of a disability retaliation claim. *See* 42 U.S.C. § 12203(a) ("Retaliation  No person shall discriminate against any individual because such individual has *opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter*.") (emphasis added); *Gilliard v. Georgia Dept. of Corr.*, 500 Fed. Appx. 860, 869 (11th Cir. 2012) (noting that a plaintiff must first show "a statutorily protected expression").

More specifically, Ramos's complaint is devoid of any facts supporting the proposition that he "opposed any act or practice made unlawful by [the ADA]", or that he "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). Ramos only states that he requested an accommodation. (Am. Compl. ¶¶ 21, 64.) However, a request for an accommodation is not statutorily protected activity upon which an ADA retaliation claim can rest. As the Eleventh Circuit has explained:

> Calvo asserts that Walgreens' failure to accommodate her upon her request amounted to retaliation under 42 U.S.C. § 12203(a). That assertion misunderstands the statute. As we observed in *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1288 (11th Cir. 1997), discrimination on the basis of disability is different from retaliation on the basis of opposing unlawful practices or filing a charge against the employer. In Stewart, we refused to address the plaintiff's

> 'retaliation' claims that were based on simple refusals to accommodate her. We stated that '[i]n our view, the acts Stewart describes relate directly to her 'reasonable accommodation' discrimination claim, not her retaliation claim.' *Id.* at 1288. *See also Lucas*, 257 F.3d at 1261 (rejecting a retaliation claim based on a failure to reasonably accommodate because it 'merely reclothes Lucas' ADA discrimination claim'). In other words, the gist of Calvo's *discrimination* claim is that Walgreens refused to accommodate her because of her disability. Walgreens did not refuse to accommodate Calvo because she requested accommodation.

*Calvo v. Walgreens Corp.*, 340 Fed. Appx. 618, 625-26 (11th Cir. 2009) (emphasis in original).

In other words, in accordance with 42 U.S.C. § 12203(a), an ADA retaliation claim must be premised on a plaintiff's underlying opposition to an employer's conduct made unlawful under the ADA, or the plaintiff's filing or participation in an ADA proceeding. *Id*. A request for an accommodation is not cognizable as statutorily protected activity upon which a retaliation claim can be based. *Id*.; *accord Gilliard*, 500 Fed. Appx. at 869 ("We have refused to address a plaintiff's retaliation claims based on an employer's refusal to accommodate her where the described acts 'relate directly to her 'reasonable accommodation' discrimination claim, not her retaliation claim.'") (quoting *Stewart*, 117 F.3d at 1288); *Solloway v. White*, 2017 WL 1170895, at *30 n.106 (N.D. Ga. Feb. 15, 2017) (citing *Calvo*, noting that "even if denial of her accommodation requests was an adverse action, the Eleventh Circuit has held that denying a request for accommodation cannot be considered retaliation for requesting an accommodation in the first place."), *report and recommendation adopted*, 2017 WL 1134460 (N.D. Ga. Mar. 27, 2017), *aff'd sub nom. Solloway v. Clayton*, 738 Fed. Appx. 985 (11th Cir. 2018); *Phillips v. Harbor Venice Mgmt., LLC*, 2020 WL 2735201, at *2-3 (M.D. Fla. May 26, 2020) (same).

Thus, Ramos's ADA retaliation claim fails as a matter of law, as he cannot allege any protected activity cognizable under the statute's anti-retaliation provision. Similarly, since "denying a request for accommodation cannot be considered retaliation for requesting an accommodation in the first place" (*Solloway*, 2017 WL 1170895, at *30 n.106), Ramos cannot

allege any adverse employment action for purposes of an ADA retaliation claim.  Finally, without statutorily protected activity, or an adverse employment action, there can be no causation for purposes of an ADA retaliation claim.  In short, Ramos cannot plead any of the elements of such a claim.  *See Powell*, 2015 WL 9664963, at *5 (noting that to plead an ADA retaliation claim a plaintiff must allege: (1) conduct protected under the ADA, (2) an adverse employment action, and (3) the action was causally related to the protected conduct).

### C. The FCRA Claims (Counts III, IV) Are Fatally Flawed For The Same Reasons.

Ramos's FCRA claims for disability discrimination and retaliation (Counts III-IV) are subject to dismissal under the same analysis outlined above.  *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263–64 (11th Cir. 2007) ("Claims raised under the Florida law are analyzed under the same framework as the ADA."); *accord Rago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006) (outlining the framework under the statutes).

### III. Conclusion

For all the foregoing reasons, UM respectfully requests the dismissal of this action with prejudice because, under the factual premise Ramos has advanced, he has not and cannot state a viable cause of action against UM.  In fact, Ramos has already amended his allegations, demonstrating an inability to state any cognizable claim against UM.

> Respectfully submitted,
> By: *s/Eric Hernandez*
> Eric A. Hernandez
> Fla. Bar No. 340730
> Hernandez Lee Martinez, LLC
> P.O. Box 531029 (mailing address only)
> Miami, FL 33153
> (305) 842-2101
> eric@hlmlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that along with its filing on July 30, 2021, a copy of this document is being emailed via the CM-ECF System to counsel for Plaintiff.

*s/Eric Hernandez*
Eric A. Hernandez

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
*Counsel for Plaintiff*