**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-22151-BLOOM/McAliley

RICARDO RAMOS,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant University of Miami's ("Defendant") Motion to Dismiss Action with Prejudice and Incorporated Memorandum of Law, ECF No. [24] ("Motion"). Plaintiff Ricardo Ramos ("Plaintiff") filed a Response in Opposition, ECF No. [27] ("Response"), to which Defendant filed a Reply, ECF No. [28] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On July 16, 2021, Plaintiff filed his First Amended Complaint, ECF No. [20] ("Complaint"). The Complaint asserts five counts: retaliation in violation of the Family and Medical Leave Act (FMLA), 28 U.S.C. § 2601 *et seq.* ("Count I"); disability discrimination in violation of the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. § 12101 *et seq.* ("Count II"); disability discrimination in violation of the Florida Civil Rights Act of 1992 (FCRA) Chapter 760 *et seq.* ("Count III");

retaliation in violation of the FCRA ("Count IV"); and retaliation in violation of the ADA and ADAAA ("Count V"). ECF No. [20].

According to the Complaint, Plaintiff is a respiratory therapist who worked for Defendant since November 2011. ECF No. [20] ¶ 12. Defendant is a Florida corporation with its principal place of business in Florida. *Id.* ¶ 4. Defendant has employed fifteen or more employees for each working day in twenty or more calendar weeks in the current or preceding year in accordance with the ADA and FCRA. *Id.* ¶ 5.

Plaintiff suffers from severe general anxiety and depression. *Id.* ¶ 11. As a result of his condition, he was unable to communicate properly with his supervisors, Regino Quintana, the Director Respiratory Therapy, and Elio Donna, the Medical Director, which in turn negatively affected his ability to work. *Id.* ¶¶ 15, 16. On or about August 2018, Plaintiff requested a medical leave for his severe general anxiety and depression. *Id.* ¶ 17. Defendant approved the requested medical leave. *Id.* On or about November 2018, Plaintiff exhausted his leave and returned to work. *Id.* ¶ 19. On November 28, 2018, Plaintiff requested accommodations for his disability. *Id.* ¶ 21. Plaintiff specifically requested that his administrative duties be removed and that he be given a part-time position with part-time benefits. *Id.* Defendant removed Plaintiff's administrative duties as requested. *Id.* ¶ 22. However, Defendant denied Plaintiff's request for a part-time position with part-time benefits. *Id.* Instead, Defendant offered Plaintiff a per-diem position without any benefits. *Id.* Plaintiff declined the offered position. *Id.* ¶ 23.

On July 16, 2021, Plaintiff filed the Complaint. ECF No. [20]. On July 30, 2021, Defendant filed its Motion. ECF No. [24]. Defendant contends that, as a matter of law, Plaintiff fails to state a claim that is cognizable under the FMLA, ADA, ADAAA, or FCRA. *Id.* at 1. Plaintiff responds

that Defendant misconstrues Plaintiff's allegations and the allegations are sufficient to support Plaintiff's FMLA, ADA, ADAAA, and FCRA claims. ECF No. [27] at 1.

## II.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving

party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

### A. Retaliation in Violation of the FMLA

The Court first addresses Plaintiff's claim of retaliation under the FMLA (Count I). As a preliminary matter, 29 U.S.C. § 2615(a) of the FMLA does not clearly delineate the claim of interference and the claim of retaliation. However, the Eleventh Circuit traditionally uses the labels of "interference" and "retaliation" to distinguish the two prohibited acts under 29 U.S.C. § 2615(a). *See Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 n.9 (11th Cir. 2001) (citing *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000)). In this case, Plaintiff's claim is a retaliation claim, meaning Plaintiff is bringing his claim pursuant to 29 U.S.C. § 2615(a)(2). ECF No. [20] ¶¶ 26-36. The Eleventh Circuit has stated that

in order to state a claim for retaliation under the FMLA, an employee must allege that: (1) the employee engaged in a statutorily protected activity; (2) the employee suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *See Parris v. Miami Herald Publ'g Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000); *see also Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). For the purposes of an FMLA retaliation claim, a statutorily protected activity is "opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2); *see also Barreto v. WGCC, Inc.*, No. 06-21823-CIV-GOLD/TURNOFF, 2007 WL 9702904, at *3 (S.D. Fla. Jan. 5, 2007) (finding that to satisfactorily allege the first element of an FMLA retaliation claim, "a plaintiff must allege facts showing that she opposed a practice that is unlawful under the Act") (citing *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004)).

In this case, Plaintiff fails to allege the first element of the retaliation claim. As alleged, Plaintiff was not engaged in a statutorily protected activity because Defendant did not commit an unlawful practice under the FMLA for Plaintiff to oppose. According to the Complaint, Plaintiff gave notice of his need for leave under the FMLA. ECF No. [20] ¶ 30. Defendant approved the requested leave. *Id.* Plaintiff subsequently took the leave on or about August 2018. *Id.* ¶ 31. Defendant allowed Plaintiff to exhaust his leave. *Id.* ¶ 19. There are no allegations that Defendant prevented or otherwise restrained Plaintiff from taking his FMLA leave. As such, Defendant did not engage in an unlawful practice, Plaintiff did not oppose any unlawful practice because there was no unlawful practice to oppose, and Plaintiff was not engaged in a statutorily protected activity for the purposes of a retaliation claim. *See* 29 U.S.C. § 2615(a)(2). Because Plaintiff was not engaged in a statutorily protected activity, it follows that any adverse employment decision could not have been causally related to the protected activity.

Plaintiff relies on *Flynn v. Fid. Nat'l Mgmt. Servs., LLC*, No. 6:16-CV-87-ORL-40TBS, 2017 WL 1155399, at *3 (M.D. Fla. Mar. 28, 2017), to argue that requesting an FMLA leave was a statutorily protected activity. ECF No. [27] at 2-3; *see also* ECF No. [20] ¶ 32. In *Flynn*, the court found that the plaintiff was engaged in a statutorily protected activity for the purposes of a retaliation claim by requesting an FMLA leave. *See* 2017 WL 1155399, at *4. However, the case is distinguishable from the present case because the plaintiff in *Flynn* was not merely requesting an FMLA leave but repeatedly asking for an FMLA leave after the defendant-employer was unresponsive to her previous requests for an FMLA leave. *See id.* at *2. Unlike this case, the defendant-employer in *Flynn* ignored plaintiff's requests for an FMLA leave and delayed a determination on plaintiff's requests until a later time, and the plaintiff subsequently opposed such unlawful actions by repeatedly asking for an FMLA leave. *See id.* at *4. In other words, the plaintiff's repeated requests for an FMLA leave were in effect an *opposition* to the defendant-employer's unlawful denial of her FMLA leave. In contrast, in this case, Plaintiff's request for an FMLA leave was not in opposition to an unlawful act and therefore not a statutorily protected activity for the purposes of an FMLA retaliation claim.

The Court finds *Barreto*, 2007 WL 9702904, at *3, to be instructive on this matter. In *Barreto*, the Court found that to satisfactorily allege the first element of an FMLA retaliation claim, "a plaintiff must allege facts showing that she opposed a practice that is unlawful under the Act." *Id.* (citing *Walker*, 379 F.3d at 1253). Because the plaintiff in *Barreto* did not allege how the defendant violated the FMLA and how plaintiff opposed an unlawful practice, the court found that the plaintiff did not meet the first element of the FMLA retaliation claim. *See id.* Similarly, in this case, there are no allegations that Defendant engaged in a practice made unlawful under the FMLA that the Plaintiff subsequently opposed. Furthermore, Defendant's partial denial of Plaintiff's

6

request for ADA accommodations cannot be considered an unlawful act under the FMLA because the FMLA does not provide ADA accommodations. Accordingly, Plaintiff fails to state a claim for which relief can be granted on Count I.

### B. Disability Discrimination in Violation of the ADA and ADAAA

Next, the Court addresses Plaintiff's second claim of disability discrimination in violation of the ADA and ADAAA (Count II). The Eleventh Circuit has determined that to state an ADA and ADAAA claim for disability discrimination, a plaintiff must allege "(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Cramer v. State of Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997) (citing *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 (11th Cir. 1997)). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). A "major life activity" is further defined to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The Complaint alleges that Plaintiff was substantially limited in his major life activities due to his disability. ECF No. [20] ¶¶ 15, 16. Plaintiff specifies how his mental disability affected his thinking, communicating, and working. *See id.* Plaintiff alleges that he was unable to communicate properly with his supervisors Regino Quintana, the Director Respiratory Therapy, and Elio Donna, the Medical Director, because of his mental condition, which in turn negatively affected his ability to work. *See id*. Defendant's reliance on *Garcia v. Goodwill Indus. of S. Florida, Inc.*, 2019 WL 6052814, at *2 (S.D. Fla. Nov. 15, 2019), *Powell v. Space Coast Credit Union*, No. 6:15-cv-550-Orl-22TBS, 2015 WL 9664963, at *4 (M.D. Fla. Dec. 23, 2015), and

*Buford-Clark v. Birmingham Bd. of Educ.*, No. 2:14–CV–2108–WMA, 2015 WL 225464, at *3 (N.D. Ala. Jan. 16, 2015), on this matter is unavailing. In those cases, the plaintiffs failed to elaborate on how their disability affected their major life activities. *See id.* Here, Plaintiff elaborates on how his generalized anxiety and depression negatively affected his work. ECF No. [20] ¶¶ 15, 16. Furthermore, the Complaint states that Plaintiff's psychologist, Arthur Corrieri, determined that Plaintiff's medical condition would be debilitating if Plaintiff was assigned matters that involved frequent changes and multiple tasks. *Id.* ¶ 18. As such, accepting Plaintiff's allegations as true and evaluating all plausible inferences derived from those facts in favor of Plaintiff, *see Chaparro*, 693 F.3d at 1337, Plaintiff has set forth sufficient allegations regarding the first element of his claim.

Next, Plaintiff alleges that he is a qualified individual under the ADA. ECF No. [20] ¶ 10. Defendant does not contest that Plaintiff is a qualified individual under the ADA, ECF Nos. [24], [28], and the Court finds that Plaintiff's Complaint sets forth sufficient allegations regarding the second element of Plaintiff's claim.

Lastly, the Court must determine whether Plaintiff sufficiently alleges that Defendant discriminated against Plaintiff on account of his disability. According to the Complaint, Plaintiff requested that his administrative duties be removed and that he be given a part-time position with part-time benefits. ECF No. [20] ¶ 21. Defendant subsequently removed Plaintiff's administrative duties as requested. *Id.* ¶ 22. Although Defendant denied Plaintiff's request for a part-time position with part-time benefits, Defendant offered Plaintiff a per-diem position without benefits. *Id.* Plaintiff argues that such accommodations were unreasonable and amounted to discrimination on account of his disability. ECF No. [27] at 8. However, even after construing the allegations in the Complaint in the light most favorable to Plaintiff, the Court is not persuaded that the removal of

8

administrative duties and the offer of a per-diem position are sufficient to allege that Defendant discriminated against Plaintiff on account of his disability. The Eleventh Circuit has determined that the ADA entitles a qualified individual who suffers from a disability to reasonable accommodations, but not necessarily accommodations of the individual's choice. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997). As such, Defendant's partial denial of Plaintiff's accommodation of choice alone is not a sufficient allegation of unreasonable accommodations.

Furthermore, the Court finds *Jean-Pierre v. Naples Cmty. Hosp., Inc.,* 817 F. App'x. 822, 827 n.3 (11th Cir. 2020), to be instructive on this matter. In *Jean-Pierre*, the plaintiff, who was a healthcare professional, argued that the defendant-employer failed to provide him with reasonable accommodations when the defendant-employer offered him a per-diem position without benefits. *See id.* The Eleventh Circuit determined that the per-diem position was a reasonable accommodation for the healthcare professional even if it did not include benefits. *See id.* (citing *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1324 n.6 (11th Cir. 2007)). Similarly, in this case, Defendant provided Plaintiff, who is also a healthcare professional, with a per-diem position without benefits. ECF No. [20] ¶ 21. The Complaint does not include any additional allegations – other than the per-diem position that the Eleventh Circuit considers reasonable – indicating that Defendant provided Plaintiff unreasonable accommodations.

Plaintiff argues that the per-diem position is unreasonable because "reasonable" is a relational term and given Defendant's status as a wealthy educational institution, it would not have posed an undue hardship to grant Plaintiff the accommodations he requested. ECF No. [27] at 8. The argument is unavailing. First, the argument that "reasonable" is a relational term relies on *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Cir. 1995), a non-binding decision from

9

the Second Circuit. Second, even if the Court adopted *Borkowski*'s application of the term "reasonable" as relational, Plaintiff's Complaint fails to allege that Defendant is a wealthy educational institution and fails to elaborate on how Plaintiff's requested accommodation would not have posed an undue hardship for Defendant. ECF No. [20]. Plaintiff raises this new argument in his Response. ECF No. [27] at 8. The Eleventh Circuit has determined that courts are limited to the four corners of the complaint in addressing a motion to dismiss and that the plaintiff cannot amend a complaint through arguments made in opposition to a motion to dismiss. *See Wilchombe*, 555 F.3d at 959; *see also Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004) ("It is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss."). In this case, Plaintiff fails to include any allegations within the four corners of the Complaint as to how Plaintiff's preferred accommodation would have posed an undue burden for Defendant. ECF No. [20]. Third, even if Plaintiff included factual allegations in his Complaint to support the contention that Plaintiff's preferred accommodation would not have posed an undue burden, the Eleventh Circuit has already determined that a per-diem position without benefits is not an unreasonable accommodation for a healthcare professional. *Jean-Pierre*, 817 F. App'x. at 827. As such, Plaintiff has not set forth sufficient allegations in the Complaint indicating that Defendant discriminated against Plaintiff on account of his disability by offering him unreasonable accommodations. Accordingly, Plaintiff fails to state a claim for which relief can be granted on Count II.

### C. Disability Discrimination in Violation of the FCRA

Next, the Court turns to Plaintiff's third claim of disability discrimination in violation of the FCRA (Count III). The Eleventh Circuit has determined that disability discrimination claims raised under the FCRA must be analyzed in the same framework as disability discrimination claims

raised under the ADA. *See Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 926 (11th Cir. 2019); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263-64 (11th Cir. 2007) (citing *Chanda v. Engelhard/ICC,* 234 F.3d 1219, 1221 (11th Cir. 2000)). Given the Court's discussion above regarding the disability discrimination claim raised under the ADA, Plaintiff fails to state a claim for which relief can be granted on Count III.

### D. Retaliation in Violation of the ADA and ADAAA

The Court now addresses Plaintiff's claim of retaliation under the ADA and ADAAA (Count V). As a preliminary matter, an individual raising a claim under the ADA and ADAAA must allege that he or she suffers from a qualifying disability. *See* 42 U.S.C. § 12102(1)(A). As stated above, Plaintiff sufficiently alleges that he suffers from a qualifying disability that affects his ability to work. ECF No. [20] ¶¶ 15, 16. However, similar to a retaliation claim under the FMLA, to state a retaliation claim under the ADA and ADAAA, the plaintiff must also allege that (1) the plaintiff was engaged in a statutorily protected activity; (2) the plaintiff suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Powell*, 2016 WL 9664963, at *5 (citing *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998)). A statutorily protected activity for the purposes of an ADA retaliation claim is "oppos[ing] any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a); *see also Calvo v. Walgreens Corp.*, 340 F. App'x 618, 625-26 (11th Cir. 2009) (noting that opposing unlawful practices or filing charges against the employer are the bases for a retaliation claim); *Powell*, 2015 WL 9664963, at *5 (finding that a plaintiff engages in statutorily protected activity when he or she protests an employer's conduct under a reasonable belief that the employer was engaged in unlawful employment practices) (quoting *Harper*, 139 F.3d at 1388). As discussed in

the context of the FMLA, the Complaint does not allege how Defendant engaged in an unlawful practice under the ADA for Plaintiff to oppose.

Plaintiff relies on *Dawson v. Akal Sec. Inc.*, 660 F. App'x 504, 506 (9th Cir. 2016) to argue that requesting accommodations is itself a protected activity under the ADA that can form the basis for a retaliation claim. ECF No. [27] at 9. The Court is not persuaded for several reasons. First, as noted above, a retaliation claim requires the plaintiff to have opposed an act or practice made unlawful by the ADA. 42 U.S.C. § 12203(a); *see also Calvo*, 340 F. App'x at 625-26; *Powell*, 2015 WL 9664963, at *5. In this case, there are no allegations of an unlawful act under the ADA other than the denial of Plaintiff's requested accommodations. ECF No. [20] ¶ 64. However, the Eleventh Circuit has determined that the denial of requested accommodations does not constitute an unlawful act for the purposes of a retaliation claim under the ADA. *See Calvo*, 340 F. App'x at 625-26. According to the Eleventh Circuit, the denial of an ADA accommodation request relates to a discrimination claim, not a retaliation claim. *See id.* In other words, the denial of requested accommodations may be discriminatory, but it is not retaliatory. *See id.* As such, Plaintiff's allegation that Defendant denied Plaintiff's requested accommodations is not a sufficient basis for an unlawful act for a retaliation claim. According to the four corners of the Complaint, Defendant did not otherwise commit an unlawful act under the ADA for Plaintiff to oppose.

Second, contrary to Plaintiff's claim, *Dawson* did not address the issue of whether a request for accommodation is a statutorily protected activity for the purposes of a retaliation claim. *See generally Dawson*, 660 F. App'x 504. The primary issue in *Dawson* was whether an unpaid leave could be construed as retaliatory, not whether requesting accommodations was a statutorily protected activity for the purposes of a retaliation claim. *See id.* at 506. *Dawson* is also distinguishable from the present case. In *Dawson*, the Ninth Circuit found that when the plaintiff

requested accommodations, the defendant-employer did not merely deny the requested accommodation but instead placed the plaintiff on unpaid administrative leave while delaying a decision on the requested accommodations. *Id.* at 506. The Ninth Circuit determined that such acts could be retaliatory and therefore unlawful. *See* 660 F. App'x at 506. Unlike in *Dawson*, when Plaintiff requested accommodations, Defendant did not place Plaintiff on unpaid administrative leave nor delay the decision on the requested accommodations. ECF No. [20] ¶ 22. Defendant removed Plaintiff's administrative duties as requested and offered him a per-diem position. *See id*. Therefore, as alleged, Defendant did not engage in an unlawful act or practice for the purposes of an ADA retaliation claim, Plaintiff did not oppose an unlawful act or practice, and Plaintiff was not otherwise engaged in a statutorily protected activity for the purposes of an ADA retaliation claim. It follows that any adverse employment decision could not have been causally related to a nonexistent protected activity. Accordingly, Plaintiff fails to state a claim for which relief can be granted on Count V.

    **E. Retaliation in Violation of the FCRA**

Plaintiff raises an additional retaliation claim under the FCRA (Count IV). ECF No. [20] ¶¶ 54-60. Similar to disability discrimination claims raised under the FCRA, the Eleventh Circuit has determined that retaliation claims raised under the FCRA must be analyzed in the same framework as retaliation claims raised under the ADA. *See Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006); *see also Greenberg*, 498 F.3d at 1263-64. Given the Court's discussion above regarding the retaliation claim raised under the ADA, Plaintiff fails to state a claim for which relief can be granted on Count IV.

### F. Dismissal with Prejudice

As a final matter, Defendant requests that Plaintiff's claims be dismissed with prejudice. A review of the record shows that after Plaintiff filed his original complaint, Defendant filed a motion to dismiss the complaint on June 18, 2021, ECF No. [10]. Defendant's prior motion to dismiss similarly argued that Plaintiff failed to state a claim for which relief could be granted. *See id.* Defendant argued that Plaintiff failed to allege how Plaintiff opposed an unlawful act under the FMLA and ADA for his retaliation claims, *id.* at 2-3, 6-7, and that Plaintiff did not allege how his disability affected his major life activities, *id.* at 4-5.

Subsequently, Plaintiff filed his First Amended Complaint, ECF No. [20], and included additional allegations about how his disability affected his major life activities. *Id.* ¶¶ 15, 16. However, Plaintiff failed to include additional allegations to address Defendant's contention that Plaintiff did not oppose an unlawful act under the FMLA and ADA for the purposes of his retaliation claims and, therefore, failed to cure the deficiencies in his pleadings. *See* ECF No. [20]. Plaintiff merely reiterated that Defendant denied his requested accommodations, which is not an unlawful act for a retaliation claim purposes as noted above. *See* ECF Nos. [1-1] ¶ 64, [20] ¶ 64; *Calvo*, 340 F. App'x at 625-26. Furthermore, Plaintiff cannot refute the Eleventh Circuit's decision that a per-diem position without benefits is reasonable and not discriminatory for ADA discrimination claim purposes. *See Jean-Pierre*, 817 F. App'x. at 827. Lastly, Plaintiff did not request leave to amend his pleadings to include viable allegations in order to make a plausible claim for relief. *See* ECF No. [27].

Considering the Parties' arguments and Plaintiff's previous opportunity to amend his pleadings to include additional allegations, the Court determines that another opportunity to plead such allegations would be futile and Plaintiff's second amended complaint would not survive a

motion to dismiss. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (denying the plaintiff an opportunity to file another amended complaint when the previous amended complaint did not contain meritorious claims). As such, the Court dismisses all claims with prejudice.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [24]**, is **GRANTED.**
2. Plaintiff's First Amended Complaint, **ECF No. [20]**, is dismissed with prejudice.
3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.
4. The Clerk of Court is directed to **CLOSE** the above-styled case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record